IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFERY G. DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-1247-JDT-egb |
| ) | |
| JOSH McCLAIN, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DENYING MOTION FOR RECUSAL

On September 22, 2014, the *pro se* prisoner Plaintiff, Jeffery G. Douglas, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The case is in the process of being screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). On May 22, 2015, Plaintiff filed a motion for recusal of the undersigned Judge. (ECF No. 7.) A duplicate copy of that motion was filed on October 29, 2015. (ECF No. 9.)

Plaintiff's only reason for requesting recusal is that the undersigned also presided in two of Plaintiff's previous suits and dismissed those cases. *See Douglas v. F.S.*, No. 15-1046-JDT-egb (W.D. Tenn. Apr. 24, 2015) (dismissing case for failure to state a claim and lack of jurisdiction and assessing third strike); *Douglas v. Gregory*, No. 14-1302-JDT-egb (W.D. Tenn. Apr. 13, 2015) (directing entry of judgment and assessing second strike when Plaintiff failed to file amended complaint after original complaint was dismissed for failure to state a claim).

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;
> (5) He or his spouse . . . :
>    (i) Is a party to the proceeding . . . ;
>    (ii) Is acting as a lawyer in the proceeding;
>    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias

sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

Here, Plaintiff's motion for recusal is based solely on the undersigned's dismissal of his prior cases, not on any extrajudicial conduct. He has submitted no affidavit setting forth any facts that would call into question this Judge's impartiality. Therefore, the motion for recusal is DENIED. IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).