UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY G. DOUGLAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1247-JDT-egb |
| | ) | |
| JOSH MCLAIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On September 22, 2014, Plaintiff Jeffery G. Douglas ("Douglas"), who is incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On September 23, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as NWCX Sergeant Josh McLain; NCWX Internal Affairs Officer Jeff Mills; NWCX Unit Manager Jeff Bratton; NWCX Inmate Relationship Coordinator Stacy Leake; NWCX Inmate Counselor Vicky Lebo; NWCX Warden Michael Parris; Tennessee Governor Bill

Haslam; the State of Tennessee;[1] TDOC Commissioner Derrick Schofield; former Madison County Circuit Court Judge Nathan Pride; and Madison County Circuit Court Judge Roy B. Morgan, Jr.

I. The Complaint

Douglas's complaint, which consists of a ten-page complaint with eleven exhibits numbered A through K, is difficult to decipher because the factual allegations are not presented in a coherent manner. Instead, the bulk of the complaint discusses the standards for official misconduct, constitutional access to the courts and retaliation. The filing contains few factual allegations. (ECF No. 1 at 2-3.) Douglas states that on August 18, 2014, he was to appear in the Madison County Circuit Court for a hearing in a civil case he filed against the Jackson Police Department, case number C-14-75. (*Id.* at 2; Ex. A, ECF No. 1-1 at 2.) On July 5, 2014, Defendant Pride denied Douglas's motion to have TDOC transport him to court for the hearing (Ex. A, ECF No. 1-1 at 2), thus leaving Douglas's ability to get to court at the discretion of the "[NCWX] Officers" (ECF No. 1 at 2). Douglas then requested transportation arrangements from Defendants McLain, Mills, Leake, Lebo and Parris. (*Id.*) Defendant Parris responded that a court order was

---

[1] The Court construes Douglas's claims against the NWCX and the Tennessee Department of Correction ("TDOC") as claims against the State of Tennessee.

The Circuit Court for the Twenty-Sixth Judicial District, also known as the Madison County Circuit Court, is established pursuant to state law. *See* Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."). Therefore, the Court also construes any claims against the Madison County Circuit Court as an attempt to assert claims against the State of Tennessee.

necessary; however, Douglas alleges that Defendants McClain, Lebo and Mills stated, "'It Ant [sic] Going To Happen, You should have thought about what you did, before you did it." (*Id.*) Douglas believes this remark is a reference to case no. 14-1029, a separate action pending in this Court against Lori Avery. Avery is not a party to the present complaint. (*Id.*) Douglas seeks monetary damages of half a billion dollars against the Defendants. (*Id.* at 1.)

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions

3

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-

4

2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Douglas filed his ten-page typed complaint pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

> violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint contains no factual allegations against Defendants Bratton, Haslam, Schofield and Morgan. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

As noted, *supra*, n.1, Douglas's claims against TDOC, the NWCX and the Madison County Circuit Court are asserted against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may

abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Douglas has no claims against Defendant Pride. It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). The facts presented in the complaint show that Defendant Pride's denial of Douglas's motion was in the scope of his judicial function; therefore, Douglas's claims against Defendant Pride are barred by judicial immunity.

Defendants Parris, Haslam and Schofield cannot be held liable as supervisors. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."

*Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of her subordinates, but fails to act, generally cannot be held liable in her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Therefore, Douglas cannot sue Defendants Parris, Haslam, and Schofield even if a subordinate violated Douglas's rights.

Douglas's claims for official misconduct, which arise under Tennessee statutory law, are meritless. In general, criminal statutes do not give rise to a private cause of action and cannot be a basis for a private civil action. *Walker v. Hastings*, No. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009). There is no private right of action under Tennessee Code Annotated § 39-16-402, which makes "official misconduct" a criminal offense, *Davis v. Earls*, No. W2000-00280-COA-R3-CV, 2001 WL 589138, at *3 (Tenn. Ct. App. May 30, 2001); *see also Kovach v. Metro. Gov't of Nashville*, No. 3:09-cv-0886, 2010 WL 1628792, at *3 (M.D. Tenn. Mar. 25, 2009) (report and

recommendation) (no private right of action under Tenn. Code Ann. § 39-16-402), adopted, 2010 WL 1628787 (M.D. Tenn. Apr. 21, 2010); under § 39-16-403, which makes "official oppression" a criminal offense, *Dirks v. Tudors*, No. E2008-01384-COA-R3-CV, 2009 WL 1372180, at \*2 (Tenn. Ct. App. Apr. 13, 2009) (no private right of action under § 39-16-403); or under § 39-16-702, which criminalizes perjury, *Irvin v. Johnson*, No. 01-A-01-9708-CV-00427, 1998 WL 382200, at \*3 (Tenn. Ct. App. July 10, 1998), *perm. app. denied* (Tenn. Dec. 7, 1998) ("An action at law will not lie to recover damages for perjury . . . ."). By its terms, § 1983 also does not provide a right of action for violations of Tennessee law.

Douglas claims that he was not allowed to attend his hearing in retaliation for other cases he filed. (ECF No. 1 at 2.) "Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005).

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); *see also Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (same); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same). "If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct." *Smith*, 250 F.3d at 1037. Defendant

Pride's Order Denying Motion for Transportation provided that since the hearing was a civil matter,

> [T]he Court has no jurisdiction to order the Tennessee Department of Corrections and/or the Northwest Corrections Complex to transport JEFFREY G. DOUGLAS to the Circuit Court of Madison County, Tennessee on the date of the Hearing. The Court further finds that the [sic] JEFFREY G. DOUGLAS, must make arrangements on his own behalf to have himself before the Court as in any other civil proceeding.

(Ex. A, ECF No. 1-1 at 2.) Douglas's attempt to attend the hearing was not protected conduct. *Montague v. City of Johnson Cty*, 1994 WL 287587 at *3 (Tenn. Ct. App. June 30, 1994) ("Tennessee law is clear, however, that a prisoner has no absolute right to be in attendance at a civil matter which he has initiated absent unusual circumstances."). Because he does not meet the first prong of a retaliation claim, Douglas does not have a valid claim of retaliation.

Douglas also has no claim for denial of access to the courts. A claim for denial of access to the courts arises under the First Amendment. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). The Supreme Court has held that

> "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating

capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted); *see also Hadix*, 182 F.3d at 405-06 (explaining how *Lewis* altered the "actual injury" requirement previously articulated by the Sixth Circuit). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As provided above, Douglas had no right to attend the hearing in state court. Furthermore, Defendant Pride granted a motion to dismiss Douglas's civil case on the merits, based on the pleadings and the substantive arguments set forth in the parties' briefs, not because Plaintiff failed to attend the hearing. (*See* Ex. J, ECF No. 1-10.)

For all of the foregoing reasons, Douglas's complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716

F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, because the deficiencies in Douglas's complaint cannot be cured, leave to amend is not warranted.

IV. Pending Motions

On November 5, 2015, Douglas filed a motion for a cease and desist order. (ECF No. 11.) He seeks to stop the payment of filing fees from his inmate trust account. (*Id.*) However, the filing fee was assessed in installments as required by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). The Court has no statutory authority to revisit the assessment. Therefore, the motion is DENIED.

On November 12, 2015, Douglas filed a motion for a video conference. (ECF No. 12.) Because this case is being dismissed, that motion is DENIED as moot.

V. Conclusion

The Court DISMISSES Douglas's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Douglas's complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Douglas in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Douglas would not be taken in good faith.

This is the fourth dismissal of one of Douglas's cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v.*

---

[2] *See Douglas v. Schreiber*, No. 1-15-cv-1046-cv-JDT-egb (W.D. Tenn. Apr. 28, 2015) (dismissed for failure to state a claim), *Douglas v. Gregory,* No. 1:14-cv-1302-JDT-egb (W.D. Tenn. Apr. 15, 2014) (dismissed for failure to state a claim), and *Douglas v. Plunk,* No. 1:11-cv-01219-JDT-egb (W.D. Tenn. July 11, 2012) (dismissed for failure to state a claim).

*Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Because this case does not come within the exception to 28 U.S.C. §1915(g), Douglas is not entitled to appeal *in forma pauperis*. Leave to appeal *in forma pauperis* is, therefore, DENIED pursuant to § 1915(g).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE